IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In Re LEONARD F. WALENTYNOWICZ, ESQ.

UNITED STATES OF AMERICA,

     v.                          99-CR-131-A

MOHAMED KAID,

     Defendant.

**AFFIDAVIT**

STATE OF NEW YORK )
COUNTY OF ERIE    ) ss:
CITY OF BUFFALO   )

    **ANTHONY M. BRUCE**, first duly sworn, states as follows:

    1. I am an Assistant United States Attorney employed by the United States Attorney's Office for the Western District of New York. In my official capacity, I have been responsible for the trial of the captioned case, and I was present on February 3, 2004, during jury selection when the Court, among other things, suspended the defendant from practice in this district.

2. In addition, co-counsel Allison P. Gioia and I have handled all aspects of this case subsequent to February 3, 2004, including those aspects that deal directly with the issue of the respondent's, Leonard F. Walentynowicz's, fitness to continue to practice before this Court. Thus, I am familiar with all of the facts and circumstances of this matter.

3. By an Order dated December 23, 2004, the Court ordered the respondent to file

> an affidavit regarding his physical and/or mental capacity to continue practicing in this Court by January 19, 2005. The affidavit should include any information relevant to Mr. Walentynowicz's current physical and/or mental condition as it relates to his ability to practice before this Court, including any medical and/or psychiatric reports. Mr. Walentynowicz's affidavit should also detail any other instances since the time of his stroke when he has become ill and been unable to proceed with scheduled legal proceedings in either federal, state or local court.

4. On or about January 19, 2005 the respondent filed an affidavit in response to the Court's December 23, 2004 Order. I have reviewed, and am familiar with that affidavit. My review of it indicates that, in large measure, it fails to comply with the Court's Order of December 23, 2005.

5. At page 1, the respondent asserted that "this Court's direction relating to deponent's medical, psychiatric and legal records[1] exceeds this Court's authority in this in this instance and thus violates deponent's rights to due process and privacy." The respondent then _did_ _not_ provide any medical or psychiatric records with his affidavit which might prove helpful to the Court or which the government could present to an expert or otherwise comment upon.

6. At page 2, the respondent stated that "he is indeed fit to so practice and is able to recognize his limitations so that he does not harm anyone."[2] He goes on to state that on February 3, 2004, he suffered "temporary discomfort . . . [that] could have been handled by the Court before court . . . [or] by permitting deponent to rest his eyes for a while without interruption of the Court proceedings." Nowhere in his affidavit does the respondent address (a) the health-related reason for his February 3, 2004 behavior or (b) what remedial measures he has taken or could take to ensure that this behavior is not repeated.

---

[1] The Court's Order did not mention "legal records."

[2] This is tantamount to a concession by the respondent that he is not competent to fully practice in federal court, knows this, and therefore limits his practice so that, as _he_ _puts_ _it_, he will not harm anyone. A competent lawyer is confident that he can fully represent a client, and that his representation will benefit the client, not harm him.

7. In the government's view, the respondent's affidavit adds nothing to the record in this matter. Moreover, the respondent's statement that "this Court's direction amounts to an act of inquisition" borders on showing disrespect to the Court.

8. In the Court's December 23 Order, the Court directed the respondent, in his affidavit, to "detail any other instances since the time of his stroke when he has become ill and been unable to proceed with scheduled legal proceedings in either federal, state, or local court." The respondent did not address this in his affidavit.

9. The government is aware of instances of similar conduct by the respondent:

    a. Shortly before February 3, 2004, the respondent employed similar tactics in a state contraband cigarette case in Lackawanna City Court. That case was handled by Assistant District Attorney Robert Figliola, who will testify to the details of the respondent's actions in that case at the February 2 hearing.

    b. The respondent also employed similar tactics in at least two cases before now-retired County Court Judge John V. Rogowski. Judge Rogowski will likewise testify to the details of these instances at the February 2 hearing.

10. These prior similar incidents should demonstrate to the Court that, rather than being a product of the respondent's health, the respondent employs the behavior he exhibited before this Court on February 3, 2004, to get out of cases he has no business handling in the first place, rather than proceed in the cases to clients' detriments, or, as the respondent puts it, gets out of cases so he will not "harm" his clients.

        s/ANTHONY M. BRUCE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 886
Anthony.M.Bruce@usdoj.gov

Sworn to before me this
25th day of January, 2005.

s/LINDA F. SWIATEK
Notary Public
State of New York
Qualified in Erie County
My Commission Expires December 20, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In Re LEONARD F. WALENTYNOWICZ, ESQ.

UNITED STATES OF AMERICA,

    v.                                                      99-CR-131-A

MOHAMED KAID,

        Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that on January 25, 2005, I electronically filed the attached Affidavit with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

        Leonard F. Walentynowicz, Esq.
        387 White Oak Lane
        Grand Island, New York 14072

                                        s/LINDA F. SWIATEK